SALLIE SHIELDS V. THE STATE.

No. 6195.    Decided June 1, 1921.

**1.—Murder—Special Venire—Sheriff's Return.**

Where defendant complained that the return of the officer as to certain absent veniremen was insufficient, but the record showed that the sheriff amended his return under order of the court, showing his diligence in attempting to serve the absent veniremen, there was no reversible error in overruling the motion.

**2.—Same—Evidence—Motion for an Autopsy of Deceased.**

Where, upon trial of murder and a conviction of manslaughter, the defendant at the close of his testimony in chief presented an application that the court order a proper officer or commissioner to exhume the body of the deceased and ascertain the course of the wounds on the body. there was no error in overruling said motion, as the facts in evidence sufficiently showed the course of the bullets, and the character of the wounds. Distinguishing Gray v. State, 55 Texas Crim. Rep., 90.

**3.—Same—Charge of Court—Murder—Manslaughter.**

Where most of the exceptions to the court's charge related to the charge on murder and alleged errors in submitting the law of manslaughter, all of which have passed out of the case, inasmuch as defendant was convicted of manslaughter, there was no reversible error.

**4.—Same—Threats—Self-Defense—Charge of Court.**

Where, upon trial of murder and a conviction of manslaughter, the court submitted a proper charge on the law relative to threats, and applicable to the facts in the instant case, there was no reversible error.

**5.—Same—Requested Charge—Practice on Appeal.**

A requested charge having been given to the failure of the court to limit the purpose for which evidence of fact that defendant had been indicted for a felony was admitted, there was no reversible error.

**6.—Same—Bills of Exception—Practice on Appeal.**

In the absence of bills of exception to the argument of counsel, and of misconduct of the jury, the same cannot be considered on appeal.

Appeal from the District Court of Potter. Tried below before the Honorable Henry S. Bishop.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*A. M. Mood,* for appellant.—On question of sheriff's return and special venire: Brown v. State, 65 S. W. Rep., 912.

On question of Autopsy: Gray v. State, 55 Texas Crim. Rep., 90.

*R. H. Hamilton,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Potter County of manslaughter, and her punishment fixed at two years' confinement in the penitentiary.

All the parties to the tragedy were negroes. Appellant was indicted for the murder of her husband. A special venire of seventy-five jurors was ordered upon motion of appellant. When the case was called for trial she moved to quash the venire and the return thereon because not drawn, executed and returned as required by law. This complaint narrowed down to the proposition that the return of the officer as to certain absent veniremen was insufficient. The court overruled the motion, directing that the sheriff amend the return, which order was obeyed, the amendment appearing to be filed on the following day. No objection was made to proceeding before such amendment was made, and no complaint appears to be made of the amended return insofar as same showed the diligence used by the sheriff in attempting to serve said absent veniremen, but complaint is made of the language used by said officer in making said amended return, which we deem without support, and a discussion of which would be of no value.

At the close of appellant's testimony in chief she presented to the court the following motion: "Comes now defendant, by her attorney, A. M. Mood, at the close of her testimony in chief, save the defendant herself, and shows to the court that the defendant has used every effort and diligence on her part, and has examined carefully all persons that she is advised know anything relative to the wounds that were on the deceased, and the recollection of the undertaker being of a more or less uncertain nature, the defendant now here moves that the court order a proper officer or commissioner or appointee of the court to exhume the body of Will Shields and ascertain for the purpose of this jury's knowledge the course of the one wound that went clear through this negro's body in particular, and as well as to advise the jury as to the location of the entrance definitely of the other wounds, and for cause and reason for such motion this defendant would show to the court that she believes that on account of the theory of the State and the defendant in this case that the exact location particularly of the exit and entrance of the one wound is highly material to her theory of defense in this case." This motion was overruled, and such action is urged as error. As sustaining her contention that said motion should have been granted, appellant cites the case of Gray v. State, 55 Texas Crim. Rep., 90 In that case there was a sharp conflict as to whether

deceased was shot in the front or the back, and the accused claimed that each of the bullets fired by him at deceased were still in his body and that an autopsy would reveal the presence of all of same. Discussing the circumstances under which the repose of the dead should be disturbed in order to make an examination such as is here desired, the learned judge, writing the opinion for this court in the Gray case, said: "It ought not to be allowed in any case unless it was imperatively demanded under the circumstances, and was necessary for the due administration of justice." We are in accord with this holding, but not with its application to the instant case. The bill taken to the refusal of said motion in the case before us, states that the theory of the State was that the deceased was lying in bed when shot; that of appellant was that both were on their feet and deceased was coming at her when she shot him. Conceding these to be the respective theories of the State and the defense, the question arises: What could be revealed by the autopsy requested, for or against either side? Appellant's theory as to the bullet wounds would appear to be set out in a statement made by the undertaker, who was a defense witness, to the attorney for the appellant, which is as follows: "When you attempt to refresh my memory by asking me if it is not true that I conveyed it to you that there was one wound a little above his right nipple that went clear through his body, practically straight, one down here about the pit of his stomach that did not go through him, and one wound in his arm. Those locations in my mind at this time are apparently correct as to entry of the bullets, but as to what bullets came out I could not say relative to those, if any." This testimony of the undertaker was corroborated by his assistant, who said he saw an exit bullet hole in deceased's back, high up; and also by the sheriff who testified that deceased had a bullet hole near the pit of his stomach, one in his arm, and one in his breast which, according to witness' best recollection, went straight through the body. No other witnesses testified as to the wounds, bullet holes or anything of that kind, nor did the State by direct testimony or cross-examination of any witness with reference to bullet holes, or the exit or entrance of bullets, in any way appear to thus controvert the testimony just mentioned. The sheriff was the only State witness, and his testimony on this point was in line with the theory of appellant as stated.

We confess ourselves at a loss to see the need for additional testimony on behalf of appellant, on a matter about which all the evidence as to bullet holes was corroborative of appellant's theory. What could she expect from the autopsy? Human experience demonstrates that one lying in bed reclines on one side or the other, or partially so, as much or more than on the back or stomach. A bullet fired from a pistol in the hands of one facing such bed would appear to be as apt to go straight through the body of one lying on his side in such bed, as it would if the parties were standing facing each other. The State made no contention that deceased was shot in the back, nor that he

was lying on his back in bed when shot, nor that the wounds were other than as shown above.

Again, examining appellant's own testimony, she said deceased was coming toward here when she shot him, but made no mention of the position of his body, whether straight or stooped, directly facing her, or at an angle,—nor does she say how she held the pistol, whether about at a height that would make a bullet striking the breast go straight through, or otherwise.

Conceding that such autopsy would show that deceased was struck in the breast by a bullet that went straight through his body, and by another bullet at or near the pit of his stomach, and by one in the arm,—what conflict of evidence would be settled or affected by testimony of these facts? What stronger proof would this be of the fact that deceased was advancing upon appellant, than that he was lying on one side in the bed when shot? Before this court would order a reversal of a cause, and entail the delay and expense of another trial, we must believe wrong has been done which can be righted on another trial. Reverting to the opinion of Judge RAMSEY in the Gray case, *supra,* and applying it, we think this motion was properly refused because not imperatively demanded under the circumstances, and not necessary for the due administration of justice.

Appellant excepted to the court's charge for many reasons, but most of said exceptions were to matters relating to the law of murder and to alleged errors in submitting the law of manslaughter, all of which questions pass out of our consideration inasmuch as appellant was convicted of manslaughter and her punishment fixed at the minimum allowed by statute.

We do not think paragraph five of the court's charge open to the criticism that it failed to apply the law relative to threats, to the facts Same pointedly told the jury that if deceased had made threats against appellant, and it appeared to her from her standpoint at the time that by acts, or words coupled with acts, he manifested an intention to execute such threats, she would be justified in killing him and should be acquitted.

An exception was taken to the failure of the trial court to limit the purpose for which evidence of the fact that appellant had been indicted for a felony, was admitted; but inasmuch as a special charge to this effect was requested and given, no eror is shown.

In his brief appellant makes complaint of some matters of argument and of misconduct of the jury which are not supported in the record by any bills of exception setting forth such matters, and therefore such questions are not properly before us for consideration.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*